IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRMA LUZ HERNANDEZ, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| NANCY BERRYHILL, Acting | : | |
| Commissioner of Social Security, | : | |
| Defendant | : | No. 17-3657 |

**MEMORANDUM**

**DITTER, J.**                                             January 9, 2018

Before me is Plaintiff's Motion in Support of Request for Review, Defendant's Contested Voluntary Motion to Remand, and Plaintiff's reply in opposition to Defendant's motion to remand. For the following reasons, Defendant's motion to remand will be granted.

On June 19, 2007, Plaintiff protectively filed an application for supplemental security income ("SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. After nearly 10 years of administrative hearings and remands by this court, Plaintiff was deemed disabled as of June 3, 2011, and awarded benefits by the Appeals Council.[1] At issue in the current case under review is Plaintiff's disability status for the closed period from June 19, 2007 through June 2, 2011.

---

[1] On October 20, 2014, Judge Stengel approved and adopted the Report and Recommendation of Magistrate Judge Sitarski recommending remand of Plaintiff's case to the Social Security Administration for re-evaluation of Plaintiff's obesity. *Hernandez v. Colvin*, C.A. No. 12-4349 (Doc. No. 19). On November 15, 2016, Judge Stengel granted Defendant's uncontested motion for remand for further administrative proceedings. *Hernandez v. Colvin*, C.A. No. 16-2774 (Doc. No. 11).

Defendant requests remand of the instant matter to the Social Security Administration for additional evaluation of the Commissioner's decision not to award benefits for the closed period from June 19, 2007 through June 2, 2011.[2] The Commissioner states on remand, the Appeals Council would affirm the portion of the Appeals Council's decision that was favorable to Plaintiff and direct the administrative law judge to obtain supplemental vocational expert testimony for the remaining period - June 19, 2007 through June 2, 2011 - in compliance with the Social Security Administration's Acquiescence Ruling 01-1(3).

Plaintiff objects to a remand based exclusively upon supplemental vocational expert testimony. She points out that this is the third appeal of her case to this court and that failure to address all of the issues presented in her request for review would squander judicial resources as it will simply result in a fourth appeal to this court.[3]

Comprehensive review of the issues presented by Plaintiff in her Request for

---

[2] In cases reviewing final agency decisions regarding Social Security benefits, the exclusive methods by which a district court may remand a case to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). There is jurisdictional significance to whether a remand is entered pursuant to sentence four or six. Sentence four remands are appealable as a final judgment disposing of the action whereas sentence six remand orders are considered interlocutory and non-appealable because the district court retains jurisdiction over the action pending further development and consideration by the administrative law judge. In the instant case, the remand is requested under sentence four of 42 U.S.C. § 405(g).

[3] In support thereof, Plaintiff notes that she consented to the November 15, 2016 remand of this matter based on the understanding that the issues presented in her Request for Review would be fully addressed by the Social Security Administration at that time. *See Hernandez v. Colvin*, C.A. No. 16-2774.

Review is essential for complete evaluation of Plaintiff's disability claim. The procedural history of this case is long and tortured. It has gone on too long. As a result, I will grant Defendant's motion for remand and in addition to obtaining supplemental vocational expert testimony, direct Defendant to specifically address the issues presented in Plaintiff's Request for Review. Hopefully, this process can be completed within three (3) months of remand.